**Pat GROVE Plaintiff,**

v.

**Juan DE LA CRUZ, Patricia De La Cruz, d.b.a. Billy J's, Fontana Sierra Corporation, a California corporation, and Does 1 through 10, inclusive Defendant.**

**No. CV 04–3831 CAS.**

United States District Court,
C.D. California,
Western Division.

Oct. 31, 2005.

Mark D. Potter, Russell C. Handy, San Diego, CA, for Plaintiff.

David W. Peters, Lawyers Against Lawsuit Abuse, San Diego, CA, E. Sean McLoughlin, Hill Farrer & Burrill, Los Angeles, CA, for Defendant.

## ORDER GRANTING SUMMARY JUDGMENT

SNYDER, District Judge.

### I. INTRODUCTION AND BACKGROUND

Defendants Juan De La Cruz and Patricia De La Cruz (collectively, "De La Cruz defendants") are individuals doing business as Billy J's Family Restaurant ("the restaurant"), located in Fontana, California. Third Party Complaint ("TPC") ¶ 1. Defendant Sierra Fontana Corporation is the owner of the property on which the restaurant is run ("the property"), and has leased portions of the property to De La Cruz defendants. *Id.* ¶¶ 3, 6.

Plaintiff asserts that she suffers from ependymoma spinal tumors causing partial and atrophic paralysis of the left side of her body, and that she therefore uses a wheelchair for the majority of her mobility needs. Grove Decl. ¶ 2. Plaintiff states that when she patronized the restaurant on May 28, 2003, she discovered that the entry to the restroom was less than thirty-two inches wide and that there were no grab bars mounted on the walls adjacent to the toilet stalls. *Id.* ¶¶ 4–5.[1] Grab bars have since been installed. *See* Peters Decl. Ex. C (photographs of restaurant premises taken on or about August 30, 2005).

On May 28, 2004, plaintiff filed suit against De La Cruz defendants. On October 26, 2004, De La Cruz defendants filed a third party complaint against Fontana Sierra Corporation for indemnity, apportionment and contribution, and declaratory relief. Plaintiff filed a first amended complaint on January 19, 2005, naming Fontana Sierra Corporation as a defendant in addition to De La Cruz defendants. Plaintiff alleges the following claims for relief: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.;* (2) violation of the Unruh Civil Rights Act, Cal Civ.Code § 51; (3) violation of common law unfair competition law; (4) negligence; (5) negligence per se; and (6) declaratory relief. Plaintiff seeks declaratory and injunctive relief, damages, and attorneys' fees and costs.

On September 31, 2005, plaintiff filed the present motion for summary judgment

---

1. Plaintiff does not seek injunctive relief as to the doorway, which either has been or will be widened in connection with a renovation by defendant Sierra Fontana Corporation of the entire shopping mall in which Billy J's Family Restaurant is located.

as to De La Cruz defendants.[2] On October 23, 2005, De La Cruz defendants filed a request for judicial notice.[3] De La Cruz defendants filed an opposition on October 27, 2005. Plaintiff's motion is presently before the Court.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed.R.Civ.P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). See also Celotex Corp., 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S.Ct. 2548. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir.1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n. 3 (9th Cir.1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir.1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587, 106 S.Ct. 1348.

## III. DISCUSSION

### A. Plaintiff's ADA Claim

■ The ADA, 42 U.S.C. § 12101 et seq., was enacted to provide "a clear and

---

2. Although the Court has not received a notice of settlement to date, plaintiff states in her motion that she has reached a settlement with defendant Fontana Sierra Corporation. Mot. at 2.

3. Defendants request that the Court take judicial notice of the declaration of Philip DiPrima in Case No. CV 04–5042 DSF (SSx), in which DiPrima states that plaintiff's counsel engaged in various acts of wrongdoing in connection his representation of DiPrima. The Court declines to take judicial notice of the DiPrima declaration. While the fact that the declaration is on file in Case No, CV 04–5042 is the subject of judicial notice, the content of the declaration is not, in that it is not an adjudicative fact that is not subject to reasonable dispute, in that it is neither generally known within the territorial jurisdiction of this Court nor capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.

comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The scope of the ADA covers not only intentional discrimination, but also the discriminatory effects of facially neutral practices and barriers. *Crowder v. Kitagawa*, 81 F.3d 1480, 1483 (9th Cir. 1996).

Title III of the ADA prohibits discrimination against individuals in any place of public accommodation. 42 U.S.C. § 12182. Liability is imposed upon "any person who owns, leases (or leases to), or operates a place of public accommodation" that discriminates against an individual on the basis of disability. *Id.* Discrimination includes the failure to remove "architectural barriers" in existing facilities where such removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

If a place of public accommodation fails to remove architectural barriers, the enforcement provisions of the ADA provide a private right of action. 42 U.S.C. § 12188(a)(1). Further, the Court may order injunctive relief which includes an order to make a facility "readily accessible." 42 U.S.C. § 12188(a)(2).

■ De La Cruz defendants argue that plaintiff's ADA claim is moot because Billy J's Family Restaurant is currently in compliance with the ADA. Opp'n at 12. Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*. *Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir.1989). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). "[T]he question is not whether the precise relief sought at the time the

application for an injunction was filed is still available. The question is whether there can by any effective relief." *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir.2000). "Mere voluntary cessation of allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave [t]he defendant ... free to return to his old ways." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953)); *see also, Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222, 120 S.Ct. 722, 145 L.Ed.2d 650 (2000). Nevertheless, part or all of a case may become moot if (1) "subsequent events [have] made it absolutely clear that the allegedly wrongful behavior [cannot] reasonably be expected to recur," *Concentrated Phosphate*, 393 U.S. at 203, 89 S.Ct. 361, and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 854 (9th Cir.1985) (quoting *Davis*, 440 U.S. at 631, 99 S.Ct. at 1383). "The burden of demonstrating mootness 'is a heavy one.'" *Davis*, 440 U.S. at 631, 99 S.Ct. 1379, (quoting *W.T. Grant*, 345 U.S. at 632–33, 73 S.Ct. 894).

■ The only remedies available to a private plaintiff under the ADA are injunctive relief and attorneys' fees. *See* 42 U.S.C. § 12188(a)(1); 28 C.F.R. §§ 36.501, 36.505. In the present case, plaintiff seeks an order from the Court directing De La Cruz defendants to install grab bars in the women's restroom. Notice of Mot. at 2. However, De La Cruz defendants proffer photographs conclusively demonstrating that such grab bars have already been installed. *See* Peters Decl. Ex. C (photographs of restaurant premises taken on or about August 30, 2005). Plaintiff does not

challenge the authenticity of these photographs. Accordingly, plaintiff's ADA claim is moot. *See, e.g., Independent Living Resources v. Oregon Arena Corp.* 982 F.Supp. 698, 771 (D.Or.1997) ("If plaintiffs already have received everything to which they would be entitled, *i.e.,* the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that these plaintiffs will again be subjected to the same alleged wrongful conduct by this defendant."); *Parr v. L & L Drive–Inn Restaurant,* 96 F.Supp.2d 1065, 1087 (D.Hawai'i 2000) (dismissing plaintiff's ADA claims predicated on alleged violations that had been corrected as moot). The Court therefore finds that it no longer has jurisdiction over plaintiff's ADA claim, and accordingly dismisses this claim as moot.

### B. Plaintiff's State Law Claims

■■ De La Cruz defendants request that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims for relief. Opp'n at 2. A district court may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The district court's decision whether to exercise supplemental jurisdiction is informed by whether exercising jurisdiction over the pendent state claims comports with the values of economy, convenience, fairness, and comity. *Executive Software N. Am. v. U.S.D.C. Cent. Dist.,* 24 F.3d 1545, 1557 (9th Cir.

1994). Because plaintiff's state law claims arise from the same conduct as her ADA claims, and because discovery and motion practice are complete with respect to the state law claims, the Court finds that these values are best served by retaining jurisdiction over plaintiff's state law claims, and accordingly, reaches the merits of these claims.

Plaintiff's state law claims are wholly predicated upon De La Cruz defendants' alleged violation of the ADA. Mot. at 8. Accordingly, in order to determine whether plaintiff is entitled to summary judgment on her state law claims, the Court must determine whether De La Cruz defendants violated the ADA.

■ In order to state a prima facie case under Title III of the ADA, a plaintiff must prove that: (1) plaintiff is disabled; (2) defendants' restaurant is a place of public accommodation; (3) plaintiff was denied full and equal treatment because of her disability; (4) defendants' restaurant has an architectural barrier; and (5) it is "readily achievable" for the architectural barrier to be removed. *See Parr v. L & L Drive–Inn Restaurant,* 96 F.Supp.2d 1065, 1085 (D.Hawai'i 2000); 42 U.S.C. § 12188(a),(b).

■ The ADA defines disability as a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(2). In this case, plaintiff asserts in her declaration that she suffers from ependymoma spinal tumors causing partial and atrophic paralysis of the left side of her body, and therefore uses a wheelchair for the majority of her mobility needs. Grove Decl. ¶ 2. Accordingly, plaintiff is substantially limited in the major life activity of walking and is therefore disabled. Although defendants dispute that plaintiff is disabled, they offer

no evidence to support this assertion in their supporting declarations or otherwise.[4] Accordingly, the Court finds that defendants have not raised a genuine issue of material fact as to plaintiff's disability status.

Restaurants, bars, and other establishments serving food and drink are places of public accommodation. 42 U.S.C. § 12181(7)(B). Defendants admit that they operate a restaurant which is open to the public. Accordingly, it is uncontroverted that Billy J's Family Restaurant is a place of public accommodation.

■ Plaintiff states in her declaration that she has patronized Billy J's Family Restaurant seven to nine times, including one visit on May 28, 2003. Grove Decl. ¶ 4. Defendants dispute that plaintiff ever visited the property, on the basis that plaintiff's counsel represented a different client who failed to convince the judge in another case that she had actually visited the facility as claimed. Opp'n at 7. General questions as to the credibility of plaintiff's counsel or his former clients, however, are insufficient to raise a genuine issue of material fact as to this plaintiff's statements in this case. Defendants present no other evidence to support their contention that plaintiff never visited their property. Accordingly, the Court finds that plaintiff visited Billy J's Family Restaurant on multiple occasions, including on May 28, 2003.

■ Plaintiff states in her declaration that during her visit to the restaurant on May 28, 2003, two architectural barriers

prevented her from using the restroom because of her disability: (1) the doorway was less than thirty-two inches wide, and (2) there were no grab bars mounted on the walls adjacent to the toilet stalls. Grove Decl. ¶¶ 4-5. De La Cruz defendants do not appear to dispute that such architectural barriers were in existence at the time of plaintiff's visit to the restaurant, merely stating that such access issues have now been resolved. Opp'n at 12.

■ De La Cruz defendants do dispute that the removal of these architectural barriers was readily achievable. Opp'n at 9. The removal of an architectural barrier is readily achievable when it is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304(a). Examples of readily achievable steps to remove barriers include the widening of doors and the installation of grab bars in toilet stalls. 28 C.F.R. § 36.304(b)(8), (12). Nonetheless, De La Cruz defendants argue that it was not readily achievable for them to remove the architectural barriers, in that they had no legal right to do so. Opp'n at 9. Specifically, De La Cruz defendants point to a provision in their lease with Fontana Sierra Corporation which provides: "Lessee shall not make any alterations, additions, modification, or changes ("alterations") to the leased premises without first procuring Lessor's written consent." Peters Decl. Ex. B (June 7, 2000 Lease Agreement at 4). Based on this provision, De La Cruz defendants argue that they cannot be held liable for

---

4. Defendants, relying in large part on the DiPrima declaration which the Court has declined to judicially notice, controvert plaintiff's disability status on the basis of general questions as to the credibility of plaintiff's counsel, on the basis of his alleged misconduct in other cases, as well as the fact that "no documents substantiating Ms. Grove's disability were provided to Defendants, and most disabled individuals and certainly someone who has been diagnosed as having 'ependymoma spinal tumors (C2, C5 and T5)' would most likely have such documents." Opp'n at 7. Such general questions of credibility, without more, however, are insufficient to raise a genuine issue of material fact regarding this plaintiff's statements in this case.

failing to do that which they had no legal right to do.

The ADA's prohibitions against discrimination apply to "any person who owns, *leases* (or leases to), *or operates* a place of public accommodation" 42 U.S.C. § 12182(a) (emphasis added). As a result, "[b]oth the landlord and the tenant are public accommodations and have full responsibility for complying with all ADA title II requirements applicable to that place of public accommodation." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir.2000) (quoting Department of Justice, Technical Assistance Manual on the American With Disability Act § III–1.2000 (1994)). A landlord and tenant are permitted to allocate responsibility for compliance with the ADA by lease, but such allocation is effective only "[a]s between the parties." 28 C.F.R. § 12182(a). Accordingly, the Ninth Circuit has held that "a lease allocating liability between a landlord and a tenant does not affect either parties' liability with respect to third parties." *Botosan*, 216 F.3d at 834. Therefore, even if the lease agreement between De La Cruz defendants and Fontana Sierra Corporation arguably allocated responsibility to the latter to make physical alterations to the property necessary to comply with the ADA, such allocation has no affect on De La Cruz defendants' obligations to plaintiff and other members of the disabled community. The Court therefore finds that removal of the architectural barriers was readily achievable.

Plaintiff has satisfied each of the elements required to state a claim for the violation of the provisions of the ADA. It is undisputed that plaintiff is disabled and that defendants' restaurant is a place of public accommodation. Plaintiff demonstrated that she was denied full and equal treatment because of her disability due to the width of the doorway and lack of a grab bar in the restroom, each of which constitute architectural barriers. Finally, the removal of the architectural barriers is readily achievable, pursuant to 28 C.F.R. § 36.304(b)(8), (12).

Because plaintiff's state law claims are wholly predicated on an alleged violation of the ADA, and there exists no genuine issue of fact as to whether defendants' denied plaintiff full and equal access to their restaurant, the Court grants summary judgment in favor of plaintiff as to her state law claims against De La Cruz defendants.

Plaintiff's request for injunctive relief is moot for the reasons stated herein. In addition, plaintiff requests damages pursuant to the Unruh Civil Rights Act, which provides for statutory damages up to a maximum of three times the actual damages but no less than $4000 for each instance of discrimination. Cal. Civ.Code § 52(a). Based on the foregoing, the Court finds that De La Cruz defendants are therefore liable to plaintiff in the amount of $4000.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby dismisses plaintiff's ADA claim and GRANTS summary judgment in favor of plaintiff as to her state law claims against De La Cruz defendants.

IT IS SO ORDERED.